UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MUHAMMAD ABDUL-RAHMAN,

                Plaintiff,

-against-

STEVEN COLEMAN, Director of the Brooklyn
Hospital Center Security Department; EGONDU
ONUOHA, Director of the Brooklyn Hospital
Center WIC Program; PAUL WONG, Director
of Engineering at the Brooklyn Hospital Center;
PAUL ALBERTSON, CEO at the Brooklyn
Hospital Center; CASTRO, Former Captain of
Security at the Brooklyn Hospital Center,

                Defendants.
------------------------------------------------------------X

NOT FOR PUBLICATION
MEMORANDUM
AND ORDER
10-CV-4691 (CBA) (LB)

AMON, United States District Judge:

Plaintiff, a security officer at Brooklyn Hospital Center ("BHC"), brings this *pro se* action pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 2000e *et seq.*, alleging that the defendants[1] have discriminated against him by reducing his work hours and changing the site to which he reports for duty. Plaintiff seeks damages. (Compl. at 5.) Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order, and his section 1983 claims against all of the defendants and his Title VII claims against the individual defendants he has named are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C.

---

[1] Although the complaint does not name BHC as a defendant, the Court construes the complaint as alleging against the hospital the same claims that it alleges against the individual defendants. Plaintiff named BHC as a defendant in each of his prior actions and BHC appears to be the only defendant named in the EEOC charge, which plaintiff has attached to the complaint.

1

§ 1915(e)(2)(B)(ii). Plaintiff's Title VII claim against BHC may proceed as set forth below.[2]

**Standard of Review**

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**Discussion**

**A. 42 U.S.C. § 1983 Claims Dismissed**

In order to maintain a section 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

This is plaintiff's third action against BHC and its agents or employees. The first, Abdul-Rahman v. Brooklyn Hospital & Its Agents, 05-CV-2996 (CBA), alleged employment discrimination in hiring and was dismissed for failure to state a claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) because the defendants were not state actors.

---

[2] The Clerk of Court is directed to amend the caption to reflect that Brooklyn Hospital Center is the only defendant.

Earlier this year, plaintiff brought an action similar to the instant action against nearly identical defendants.[3] Abdul-Rahman v. Brooklyn Hospital Center, 10-CV-1697 (CBA). By Order dated April 30, 2010, plaintiff's 42 U.S.C. § 1983 claims were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted since BHC and its employees do not act under color of state law within the meaning of 42 U.S.C. § 1983. See Abdul-Rahman v. Brooklyn Hosp. Ctr., No. 10-CV-1697, 2010 WL 1838607 (E.D.N.Y. Apr. 30, 2010); Brentwood Acad. v. Tennessee, 531 U.S. 288, 304-05 (2001); Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49 (1999); Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982). Defendant BHC is a private entity, see www.tbh.org/, and its employees are private parties, not state actors. Similarly, the new defendant who plaintiff has named to the instant section 1983 action, Egondu Onuoha, does not act under the color of state law within the meaning of section 1983. Therefore, as with plaintiff's prior actions, the complaint fails to state a claim under section 1983 against BHC or its agents. Plaintiff's section 1983 claim against all defendants is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B. Title VII**

Plaintiff states that this action is brought pursuant to 42 U.S.C. § 1983 (Compl. at 2), but attaches a right to sue letter from the Equal Employment Opportunity Commission. Thus, the Court construes the action as also brought pursuant to Title VII of the Civil Rights Act, 42

---

[3] The instant action adds one new defendant, Egondu Onuoha, Director of the Brooklyn Hospital Center WIC Program.

U.S.C. §§ 2000e to 2000e-17.[4] Plaintiff alleges that he was discriminated against because of his "race and religion." (Compl. at 4.)

Title VII provides that "every person, whether a citizen or not, has a right to be free from discrimination in employment on the basis of race, color, gender, national origin, or religion." 42 U.S.C. § 2000e-3(a). There is not, however, individual liability on the employer's agents or employees under Title VII. Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2d Cir. 1995) ("We now hold that individual defendants with supervisory control over a plaintiff may not be held personally liable under Title VII."), abrogated on other grounds by Burlington Indus. v. Ellerth, 524 U.S. 742 (1998); see also Wrighten v. Glowski, 232 F.3d 119 (2d Cir. 2000) (per curiam). Thus, the individual defendants, employees of BHC, Coleman, Onuaha, Wong, Albertson, and Castro, are dismissed from plaintiff's Title VII action for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**Conclusion**

Accordingly, plaintiff's 42 U.S.C. § 1983 claims against all of the defendants and plaintiff's Title VII claims against the individual defendants Coleman, Onuaha, Wong, Albertson, and Castro are dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii). No summons shall issue as to these defendants.

Plaintiff's Title VII complaint against BHC may proceed. The United States Marshals Service is directed to serve the summons and complaint upon defendant BHC without prepayment of fees. The case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for

---

[4]In his prior actions, plaintiff also raised Title VII as a basis for his claims. He was informed each time that his claim could not be brought until he had exhausted his administrative remedies and filed a timely complaint with the EEOC.

4

pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
December 30, 2010

CAROL BAGLEY AMON
United States District Judge